IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH D. GADSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER |
| ) | |
| DRUG TRANSPORTS, ) | 96-C-0531-S |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This dispute concerns attorney's fees. Attorney Clifford Hardy represented Plaintiffs from the inception of this litigation until February 28, 1997, when the Court granted his Motion To Withdraw. At that time, the case was set for trial on May 19, 1997. Trial was continued on the motion of new counsel, Roderick D. Graham and Clifford C. Tatum, Jr., and Hardy filed an attorney's lien on April 1.

The case settled for $18,000 prior to trial.

Hardy claims that he expended 29.75 hours and incurred $1,962.10 in expenses. At an hourly rate of $175, he seeks $7,168.35. Plaintiffs do not dispute the number of hours claimed nor the amount of expenses incurred. They are willing to reimburse Hardy for his expenses, but they are unwilling to pay attorney's fees. Their reluctance is premised on their view that Hardy breached their employment contract by withdrawing his

representation without good cause. They say that the real reason for Hardy's withdrawal is that he had a conflict between their scheduled trial date and a scheduled trip to Europe.

The Court has reviewed the file. It reflects the following:

1. The stated ground for Hardy's motion to withdraw is that he was unable to contact Plaintiffs either by letter or by phone. He says that he was unable to conduct tests on the vehicles of Plaintiff and that he was "unable to even to talk with the Plaintiffs regarding their case." Motion to Withdraw, at 2.

2. Hardy's Statement of Hours reflect that on October 9, 1996, November 14, 1996, and February 12, 1997, he wrote to his clients.

3. The accident reconstruction analysis, which cost $1,285.00, had been completed as of October 21, 1996.

4. At the Pretrial Conference, held one week before the filing of the Motion To Withdraw, Hardy did not apprise the Court of any difficulty in communicating with his clients - even though he was apprised that the discovery deadline was less than a month away.

5. Hardy obtained leave to withdraw as Plaintiffs' counsel on the ground that he was unable to properly prepare for trial and was unable to complete the necessary discovery.

The Court finds that Hardy had basically completed his trial preparations when he filed the Motion To Withdraw. Over a year earlier, he had propounded interrogatories to

Defendant. The full range of discovery options had been exhausted as of the end of 1996 (interrogatories, requests for production, requests for admissions, depositions, accident reconstruction). Moreover, Hardy's description of his services reflects that he sent only one letter to his clients in the three months prior to the filing of his Motion To Withdraw. Had the Court been aware of these facts prior to its summary grant of his Motion To Withdrew, it would have instead scheduled a hearing and afforded to Plaintiffs an opportunity to be heard.

The Court is not convinced that Plaintiffs prevented Hardy from fully performing his duty to represent them through trial.

Presumably, it was due in part to Hardy's trial preparations that Plaintiffs' new counsel were able to settle the case. On the other hand, the case came perilously close to dismissal after Hardy's apparently unjustified withdrawal.

The Court concludes that Hardy is entitled to $2,500 in attorney's fees and reimbursement of expenses.

By separate order, the Motion will be granted.

DONE this 27th day of September, 2000.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON